(No. 85-CV-016▮

*In re* APPLICATION OF NONA NASH.

*Opinion filed October 31, 1984.*

NONA NASH, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on May 17, 1984. Nona Nash, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on August 15, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Nona Nash, age 74, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: assault. Ill. Rev. Stat. 1979, ch. 38, par. 12—1.

2. That on May 17, 1984, the Claimant fell to the ground as a group of unknown offenders were attempting to rob her. The incident occurred on the street at 2800 North Cambridge, Chicago, Illinois. The Claimant was treated for her injuries at the nearby Diversey Clinic. The offenders were not apprehended.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital expenses in the amount of $288.00, $192.40 of which was paid by insurance, leaving a balance of $95.60.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10.  That under section 6.1(b) of the Act, the $200.00 minimal loss requirement is waived for those applicants 65 years of age or older who meet the income eligibility requirement contained in subsection (f) of section 4 of the "Senior Citizens and Disabled Persons Property Tax Relief Act." The Claimant meets those requirements and the deductible is, therefore, waived in this instance.

11.  That the Claimant is entitled to an award based on her net medical expenses of $95.60.

It is hereby ordered that the sum of $95.60 (ninety-five dollars and sixty cents) be and is hereby awarded to Nona Nash, an innocent victim of a violent crime.